IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTON H. MARKHAM, ) | No. C 05-2438 MMC |
| Plaintiff, ) | |
| v. ) | **ORDER OF DISMISSAL** |
| G. HARRIS, et al., ) | |
| Defendants. ) | |

Cheston Markham, an inmate currently incarcerated at the California Training Facility, Soledad ("CTF") and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983 against various CTF officials. Plaintiff has paid the filing fee.

**BACKGROUND**

Plaintiff alleges that during the course of his transfer from one wing of CTF to another, he was temporarily housed in the "X-wing" and, while there, he was separated from his personal property. Plaintiff further alleges that after approximately ten days, his property was returned to him, but several books and other items were missing. Plaintiff claims that defendants Cox and Lopez, two CTF guards, have improperly failed to return these items, as a means of exacting retribution.[1] In the instant action, plaintiff seeks to have the missing items returned.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28

---

[1] The other two named defendants are prison officials who allegedly reviewed and denied administrative appeals by which plaintiff sought return of his property.

U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff's claim that prison officials improperly deprived him of his personal property does not state a cognizable claim for a constitutional violation. The federal right to due process does ordinarily require notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (finding no claim where state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding no claim for intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides such adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Here, plaintiff alleges that the failure to return his property was not authorized by prison rules, but instead was done for purposes of retribution. As such, the alleged deprivation of plaintiff's property was unauthorized and random, and does not implicate his right to due process. Plaintiff may follow state law procedures for bringing a tort claim in state court for the deprivation of his personal property. Such a claim, however, does not state a

1 cognizable claim for relief under federal law.

## CONCLUSION

For the reasons expressed, plaintiff's claims are DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: October 28, 2005

MAXINE M. CHESNEY
United States District Judge